## Hezekiah McPherson v. Joseph A. James.

1. DOMESTIC ANIMALS—*Running at Large—Turkeys Not Included*— The act of June 21, 1895, against domestic animals running at large, declares it unlawful for certain species of domestic animals to run at large, and imposes a penalty upon the owners for permitting it, but it does not by any specific or general terms include turkeys.

2. TRESPASS—*By Domestic Animals.*—Every domestic animal, by going on any premises, fenced or unfenced, without the consent of the

owner, is a trespasser. The owner of premises is not bound to fence against such animals and may lawfully omit to do so.

3. SAME—*Distraint of Animals Trespassing—Damages.*—The owner of premises upon which trespasses are committed by domestic animals, may take up such animals and hold them for the payment of the damages done by them while so trespassing, but he will be entitled to no more than the actual damages and reasonable charges for keeping and feeding them.

4. TENDER—*Of Damages by Domestic Animals Trespassing.*—A tender of an amount for damages done by domestic animals distrained for trespassing, if sufficient, instantly extinguishes the lien of the owner of the premises upon such animals, and his keeping and feeding them, after such tender, is unauthorized.

5. SAME—*Effect of a Withdrawal of.*—The effect of a tender by the owner of domestic animals distrained for damages done by them, in trespassing upon the premises of another, is not defeated by a failure to keep such tender good. Dunbar v. De Boer, 44 Ill. App. 615.

Trespass, animals *damage feasant.* Appeal from the County Court of Hancock County; the Hon. DAVID E. MACK, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 19, 1896.

O'HARRA, SCOFIELD & HARTZELL, attorneys for appellant.

SHARP & BERRY BROTHERS, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

The farms of the parties were separated by a public highway. Through openings in appellee's hedge, large enough to permit the passage of hogs, a flock of turkeys belonging to appellant got upon his premises and destroyed some apples and corn. Finding them there appellee shut them in his barn and held them for damages. Appellant offered him one dollar and demanded his turkeys. Appellee refused, demanding twelve. Appellant then tendered him five, which he also refused. Appellant placed that sum in the hands of a mutual friend, requesting him to offer, and if appellee should consent during the day to accept it and let the turkeys go, to give it to him. That offer, made accord-

ingly and with friendly advice to accept it and have no trouble between neighbors, he also refused at first; but on the next or subsequent day called on the friend and expressed his willingness to accept it, when he was informed that appellant had withdrawn the money. Thereupon he brought this action before a justice of the peace. On appeal taken to the County Court, it was tried by a jury, who returned the following verdict: "We, the jury, find the issue for the plaintiff and assess the damage at twenty cents (20c), and the feed and care of the same at twelve dollars and ninety cents ($12.90)." The court overruled a motion for a new trial, and rendered judgment on the verdict, without amendment as to its form, for $13.10 and costs, from which judgment this appeal was taken.

The case has been argued for appellant at considerable length, as one involving a new and important question, but it is not deemed necessary here and now to review particularly the statutes and decisions from Seeley v. Peters, in 5 Gilman, to date, relating to fences and trespasses by domestic animals.

We know of no law absolutely requiring owners of turkeys to fence them in or others to fence them out. Our statute declares it unlawful for certain species of domestic animals named to run at large and imposes a penalty upon their owner for permitting it, but does not, by any specific or general term, include turkeys. Laws of 1895, p. 4. Their owner may therefore allow them to run at large without subjecting himself to any penalty; whether he is also exempt from liability for actual damages they do upon the premises of another, is a different question.

We understand that every domestic animal, by going on any premises, fenced or unfenced, without the consent of the owner, expressed or implied, becomes a trespasser. He is not bound to fence against any such animal, but may lawfully omit to do so. Bulpet v. Matthews, 145 Ill. 345. Domestic fowl is an animal. State v. Bruner, 111 Ind. 98.

Appellee was entitled to damages, notwithstanding the defects in his hedge, and to hold the turkeys for payment. But he was entitled to no more than the actual damages

and reasonable charges for keeping and feeding them. It is entirely clear from the evidence that at the time of the tender shown, the sum of these was considerably less than the amount tendered. The court instructed the jury that he was entitled to charge for keeping and feeding up to the time of the verdict. The tender instantly extinguished his lien and his keeping or feeding from that time were unauthorized and wrongful. This effect was not defeated by appellant's failure, if he did fail, to keep his tender good. Am. and Eng. Ency. of Law, Vol. 25, p. 927; Waite's Actions and Defenses, Vol. 7, p. 595.

The instructions were erroneous, and the verdict against the law and the evidence. The judgment will therefore be reversed and the cause remanded.