LILLIAN A. CRUICKSHANK *vs.* BROCKTON AGRICULTURAL
SOCIETY.

Norfolk.    January 26, 1927.— June 29, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT &
SANDERSON, JJ.

*Negligence,* Of proprietor of dog show, Invited person. *Dog.*

A society holding a fair at which dogs are exhibited, while it may be found
liable for negligence in the method of holding the exhibit by reason of
which one attending it is bitten by a dog there exhibited, cannot be held
liable under G. L. c. 140, § 155, as the keeper of a dog, where it appears
that the dog was held on a chain by the owner, who provided for his
maintenance and was permitted by the society to enter him and to take
him away after the judges had made their decision, the possession and
physical control of the dog, even if on the association's grounds, re-
maining in the owner.

TORT with a declaration as amended in two counts, the
first count being under G. L. c. 140, § 155, against the de-
fendant association as having the custody, control or keeping
of a dog; and the second count relying on general allegations
of negligence of the defendant. Writ dated December 5,
1924.

In the Superior Court, the action was tried before *Keat-
ing,* J. Material evidence is stated in the opinion. The
judge refused to rule, at the request of the defendant, "If the
jury find that at the time of the injury the owner of the dog
was present at the stall and was exercising control and cus-
tody of the dog, the defendant as a matter of law was not the
keeper of the dog at the time of the injury," and submitted
special questions to the jury, in response to which they
answered that the defendant was liable on each count of the
declaration and returned a verdict for the plaintiff in the
sum of $2,500. The judge reported the action to this court
upon an agreement, in substance, that if the plaintiff was
entitled to retain her verdict on the first count, judgment
should be entered for her for $5,000 damages, and if she was

not entitled to retain her verdict on the first count, but was entitled to retain her verdict on the second count, judgment was to be entered in her favor for $2,500 damages.

The case was submitted on briefs at the sitting of the court in January, 1927, and afterwards was submitted on briefs to all the Justices.

*W. I. Badger*, for the defendant.

*C. L. Allen & G. L. Barnes*, for the plaintiff.

BRALEY, J. The plaintiff on October 8, 1923, having purchased a ticket of admission, entered the grounds of the defendant where it was holding a fair, and passed to a building in which an exhibition of dogs was being held. As an invitee she could assume, that the premises aside from obvious dangers were reasonably safe for the purpose for which they were arranged and adapted for the entertainment of the defendant's patrons. *Blanchette v. Union Street Railway*, 248 Mass. 407, 412, 413. The benches or stalls for the dogs were separate. In front of the benches was a rope outside of which there was a space reserved for the use of those who desired to view them. The plaintiff, standing in this space and in the exercise of due care as the jury could find, was looking at one of the animals owned and exhibited by one Bogren, who was inside of the rope and held a chain five feet long which was attached to the dog, when it suddenly sprang from the bench striking the shoulders of Bogren with its forepaws, and then bit the plaintiff's lip causing serious and permanent disfigurement. The jury having found for the plaintiff, the defendant contends there was no evidence which warranted this result, and that its motion for a directed verdict should have been granted.

The questions, whether the dog was properly guarded and due precautions were taken by the defendant to protect spectators from being molested, were properly submitted to the jury under the second count of the declaration. *Sherman v. Favour*, 1 Allen, 191. The first count, however, is on G. L. c. 140, § 155, which provides, that, "The owner or keeper of a dog shall be liable in tort to a person injured by it in double the amount of damages sustained by him," and the plaintiff cannot recover unless the evidence war-

ranted a finding that at the time the plaintiff was attacked the defendant was the keeper. The owner Bogren not only held the chain of the dog but provided food for its maintenance. It came to the defendant's exhibition in the morning accompanied by him, and returned with him after the show had ended for the day. These material conditions were not affected by the defendant's regulations under which Bogren and other exhibitors could enter their dogs and take them away after the judges had determined their respective merits. The possession and physical control of the dog, even if it was on the defendant's grounds, remained with Bogren, and the defendant cannot be charged as keeper within the purview of the statute. *Barrett* v. *Malden & Melrose Railroad,* 3 Allen, 101. *McLaughlin* v. *Kemp,* 152 Mass. 7. *Whittemore* v. *Thomas,* 153 Mass. 347. *O'Donnell* v. *Pollock,* 170 Mass. 441.

The motion for a directed verdict on the first count should have been granted. It follows by the terms of the report that judgment is to be entered for the plaintiff in the sum of $2,500.

*So ordered.*