HALLIE V. WILSON *vs.* NORUMBEGA PARK COMPANY.

Middlesex.    April 9, 1931. — May 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Of proprietor of amusement park, Proximate cause. *Proximate Cause.*

The proprietor of an amusement park of about twenty-five acres, in which was a gravel footpath used by patrons as a promenade, for a consideration permitted a certain person to carry on within the park the business of selling rides on ponies to children, and designated the footpath as the place for the rides. While a woman was walking beside a pony, upon which was her six year old child, she was run into from behind by a pony ridden by a boy twelve or fourteen years of age while boys were racing larger ponies on the pathway "trying to get as much out" of them as they could. Larger children were seen riding the ponies unattended at times before the accident. In an action for personal injuries by the woman against the proprietor of the park, it was *held,* that

(1) The evidence warranted a finding that the act of the defendant in designating the walk used by pedestrians as the place where the ponies were to be ridden was a proximate cause of the injury to the plaintiff from one of the ponies in the circumstances disclosed, notwithstanding the fact that a negligent act of the owner of the ponies may have been a contributing cause of the accident;

(2) A finding was warranted that the defendant was negligent.

CONTRACT OR TORT for personal injuries, with a declaration sounding only in tort. Writ dated January 11, 1927.

In the Superior Court, the action was tried before *Beaudreau,* J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*P. F. Drew (J. Harvey* with him,) for the defendant.

*J. S. McCann,* for the plaintiff.

SANDERSON, J. This is an action of tort for personal injuries alleged to have been caused by negligence of the defendant, which owns and operates an open air amusement park containing about twenty-five acres and located on the Charles River, in Newton. It provides for the entertainment of the public numerous attractions, including a zoo, athletic field, music, sporting, recreational and picnicking facilities, and it advertises these attractions recommending the park as a desirable place for women and children. On the day of the plaintiff's injury about nine thousand people visited the park. The defendant, for a consideration, permitted John S. Paine to carry on within the park the business of selling rides on ponies to children, and designated as the place for the rides a gravel footpath, about ten feet wide, which runs along a narrow peninsula and then around a small body of land known as the "island," and which was also used by patrons as a promenade. The ponies, about twelve in number, were kept in an enclosure or tied to a fence near the path, and patrons hiring them would ride upon them across the neck of land, around the island and back to the starting point. The plaintiff, taking her six year old child with her, paid admission to the park and went to the starting point and hired a pony.

The child was placed upon the pony's back and an attendant furnished by Paine led it on the designated path, the plaintiff walking for a part of the way beside it. They went around the island, and as they were returning the boy leading the pony, contrary to the plaintiff's instructions, got ahead of her. At this time boys were racing larger ponies on this pathway "trying to get as much out" of them as they could. Some of the boys would make a noise to start the ponies, and others were driving them. One of the ponies driven by a boy twelve or fourteen years of age ran into the plaintiff from behind, while she was on the path, and knocked her down, causing the injury complained of. There was no evidence of vicious habits of any of the ponies.

The manager of the defendant testified that if he thought persons receiving concessions were not conducting their business properly he would tell them what they should do, and that he tried to take every precaution to prevent ponies unattended from galloping down the paths where people walked. A witness called by the plaintiff testified that after the accident she heard the manager of the defendant say to the son of the owner of the ponies, "How many times have I told you not to let those boys ride on those ponies unattended." There was evidence that at times before the accident the larger children had been seen riding ponies unattended.

The defendant's exceptions to evidence have not been argued and are treated as waived.

The owner owes a duty to those coming upon his premises by his invitation to use care to see that the premises are kept in a reasonably safe condition for the purposes for which they are arranged. *Blanchette* v. *Union Street Railway*, 248 Mass. 407, 412. *Cruickshank* v. *Brockton Agricultural Society*, 260 Mass. 283, 284. *Bottcher* v. *Buck*, 265 Mass. 4, 6. As a general rule the owner of property is not liable for injuries caused by the negligent acts upon his land of an independent contractor. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 93. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570. An exception to this rule exists when

the nature of the work to be done by the independent contractor is "likely to render the premises dangerous to persons who may come upon them by the invitation of the owner." *Curtis* v. *Kiley*, 153 Mass. 123, 126. *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335. *Pye* v. *Faxon*, 156 Mass. 471, 474. *Thompson* v. *Lowell, Lawrence & Haverhill Street Railway*, 170 Mass. 577, 582. The plaintiff had the burden of proving that the defendant was negligent and that her injury was the proximate result of that negligence. *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536, 539. *Glassey* v. *Worcester Consolidated Street Railway*, 185 Mass. 315. *Horan* v. *Watertown*, 217 Mass. 185. *Dwyer* v. *Edison Electric Illuminating Co. of Boston*, 273 Mass. 234. The riding of several ponies on a path designed for visitors at the park to walk upon would create a peril to pedestrians if such peril were not guarded against and it was this use of the defendant's property for which its manåger contracted. *Boomer* v. *Wilbur*, 176 Mass. 482, 484. See *Davis* v. *John L. Whiting & Son Co., supra.* A proximate causal connection could have been found between the act of the defendant in designating this walk used by pedestrians as the place where the ponies were to be driven and the injury to the plaintiff from one of the ponies in the circumstances disclosed, notwithstanding the fact that the negligent act of the owner of the ponies may have been a contributing cause of the accident. *Thompson* v. *Lowell, Lawrence & Haverhill Street Railway, supra.*

*Exceptions overruled.*