ADELINA ANDREWS *vs.* JORDAN MARSH COMPANY.

Suffolk.     April 11, 1932. — May 25, 1933.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Negligence,* Of proprietor of store. *Dog. Animal.*

At the trial of an action of tort against the proprietor of a store, there was evidence that the plaintiff, a customer in the store, was bitten by a dog which was suffering from rabies and which was not owned nor kept by the defendant, was not on a leash and wore no collar; that the defendant maintained a department where "things for dogs" were sold; and that dogs were frequently in the store, sometimes without collars or leashes. There was no evidence that the defendant knew that the dog was dangerous; or that there was anything in its appearance or actions before it bit the plaintiff to indicate that it was dangerous; or that the defendant incited the dog to injure the plaintiff or so controlled its actions that the plaintiff's injury resulted; or that the presence in the store of an unrestrained dog having no dangerous propensities was a probable source of harm to customers; or to show how the dog came into the store, other than testimony by an employee of the defendant that before the injury to the plaintiff he saw a dog, resembling the dog which bit the plaintiff, "apparently with a lady"; or that canine disease was prevalent in the community; or that there was any ordinance or regulation requiring dogs to be restrained. There was a verdict for the plaintiff. Upon exceptions by the defendant, it was *held,* that

(1) The question of the defendant's liability was to be determined according to the common law; and the defendant was under a duty to exercise only reasonable care to keep his premises safe for the plaintiff, as a customer, from harm caused by animals;

(2) In the circumstances shown, mere omission by the defendant

to exclude the dog from the store or to restrain it while it was in the store did not warrant a finding of negligence on the defendant's part;

(3) A finding that the dog was unlawfully in the store at the time in question was not warranted;

(4) In the circumstances shown, a finding, that the defendant was lacking in due care merely by reason of his not having taken steps to ascertain whether the dog was dangerous, was not warranted;

(5) Judgment was ordered for the defendant by this court.

TORT. Writ dated February 17, 1928.

The action was tried in the Superior Court before *Brown*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*K. C. Parker*, for the defendant.

*C. B. Cross*, (*B. Morton* with him,) for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for injuries resulting to the plaintiff from being bitten by a dog while she was in the defendant's department store. There was a verdict for the plaintiff. The defendant excepted to the denial of its motion for a directed verdict and to parts of the charge.

There was evidence that the plaintiff on January 12, 1927, was bitten by a dog when she as a customer of the defendant was in the basement of the "annex" to the store, a part of the store intended for the use of customers. It is agreed that the dog had rabies and that the plaintiff required the usual Pasteur treatment.

There was no evidence, and it is not contended, that the defendant or any of its agents or servants was the owner or keeper of the dog. There was testimony that it wore no collar or other sign of ownership and was not on leash. According to the testimony the dog was eighteen or twenty inches long and from eight to twelve inches high. The only evidence bearing upon its presence in the store before it bit the plaintiff was the testimony of the defendant's personnel manager that he saw a dog, resembling this dog in size, moving along ahead of him through a tunnel used by customers leading from the basement of the main building of the defendant's store to the basement of the

"annex," and that this dog was "apparently with a lady"; he was "very positive that it belonged to the lady." This witness testified that this dog was not on leash, but he could not say whether it had a collar. It could have been found that the plaintiff was bitten within a few minutes after this witness saw the dog in the tunnel.

There was no evidence that the defendant or any of its agents or servants knew before the occurrence that the dog which bit the plaintiff had rabies or a disposition to bite or was dangerous in any other respect, and no evidence that there was anything in its appearance or actions before it bit the plaintiff to indicate that it was diseased or otherwise dangerous. And there was no such evidence in regard to the dog which the personnel manager saw in the tunnel.

There was testimony from the defendant's employees that it had a department on the second floor of the annex in which it sold "things for dogs," and that frequently people brought their dogs into the store "to have a collar fitted or to buy a leash" or "for one reason or another," that dogs were frequently seen in the store, particularly in the "annex," "because they are on the way to the dog department," and that the dogs seen in the store were sometimes on leash, but sometimes without either leashes or collars. It could have been found that the defendant had given no orders with respect to the admission to the store of dogs not on leash. There was evidence from which it could have been found that the defendant was conducting an extensively advertised sale, and expected more trade and business than usual, and that the basement at the time the plaintiff was bitten "was fairly well crowded."

A verdict for the defendant should have been directed.

The liability of the defendant is to be determined according to the common law. It could not have been found that the defendant was the owner or keeper of the dog so as to be subject to the liability imposed by statute upon owners and keepers of dogs for injuries caused by their dogs. G. L. (Ter. Ed.) c. 140, § 155. *Maillet* v. *Mininno*, 266 Mass. 86, 89. Indeed a count of the declaration under this statute was waived.

The plaintiff can recover only upon proof of breach of the defendant's duty to keep the premises in safe condition for her use as a customer. *Kennedy* v. *Cherry & Webb Co. Lowell*, 267 Mass. 217, 219. Reasonable care to keep the premises safe for customers from harm caused by animals is within the scope of this duty. *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232. *Cruickshank* v. *Brockton Agricultural Society*, 260 Mass. 283. *Bottcher* v. *Buck*, 265 Mass. 4. *Wilson* v. *Norumbega Park Co.* 275 Mass. 422. The action is grounded upon negligence, but there was no negligence unless the plaintiff's injury, though in its precise form unforeseeable, was in its general nature a probable consequence of some act or omission for which the defendant was responsible. *Perlman* v. *Burrows*, 270 Mass. 182, 184. See also *Sponatski's Case*, 220 Mass. 526, 530–531; *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232.

It could not have been found that the plaintiff's injury was the result of any act or omission for which the defendant was responsible, apart from its omission to exclude the dog from the store or, in lieu thereof, to restrain it so that it could not injure a customer. The defendant did not incite the dog to injure the plaintiff (compare *Zink* v. *Foss*, 221 Mass. 73) or so control its actions that such injury resulted. Compare *Wilson* v. *Norumbega Park Co.* 275 Mass. 422. It was, therefore, essential to the plaintiff's case to prove that harm to some person, standing in the same general relation to the defendant as the plaintiff, of the same general character as that which came to the plaintiff was a probable consequence of the presence of the dog in the store under the circumstances shown. See *Ogden* v. *Aspinwall*, 220 Mass. 100, 103–104. Such proof has not been made.

Dogs are regarded by the common law as ordinarily harmless animals. *Mason* v. *Keeling*, 12 Mod. 332, 335. *Domm* v. *Hollenbeck*, 259 Ill. 382, 385–386. Apart from statute even an owner or keeper of a dog, as our cases recognize, is not liable for bodily injuries inflicted by it in the absence of proof that he knew, or at least should have known, its dangerous propensities (*Pressey* v. *Wirth*, 3

Allen, 191, *Le Forest* v. *Tolman,* 117 Mass. 109, *Galvin* v. *Parker,* 154 Mass. 346, 348, see also *Webber* v. *McDonnell,* 254 Mass. 387, 389) and in the absence of proof of some fault of such owner or keeper. The principle extends to dangerous qualities due to canine disease though perhaps, in view of the serious nature of the potential harm, a lesser degree of proof of notice of such qualities would suffice to charge the owner or keeper with responsibility. See *Buck* v. *Brady,* 110 Md. 568; *Elliott* v. *Herz,* 29 Mich. 202; *Clinkenbeard* v. *Reinert,* 284 Mo. 569; *Legault* v. *Malacker,* 156 Wis. 507. See also *Hawks* v. *Locke,* 139 Mass. 205, 208. The statutes imposing liability on an owner or keeper of a dog for injuries caused by it irrespective of knowledge of its individual dangerous propensities (G L. [Ter. Ed.] c. 140, § 155) and directing police officers and constables and permitting other persons to kill dogs which are not licensed and collared as required by statute (G. L. [Ter. Ed.] c. 140, § 151), though based upon a recognition of the existence of a risk of injury by dogs (see *Blair* v. *Forehand,* 100 Mass. 136, 140, 141; *Riley* v. *New England Telephone & Telegraph Co.* 184 Mass. 150, 153), do not affect the principles of the common law applicable to dogs in cases outside the scope of those statutes. See *Baer* v. *Tyler,* 261 Mass. 138. Moreover, it did not appear that the dog was of a kind, the keeping of which is prohibited by statute. See G. L. (Ter. Ed.) c. 140, §§ 140–144. Where, as in the present case, no statute intervenes, the liability for bodily injuries caused by dogs falls within the general principles governing liability for injuries caused by animals ordinarily harmless. Compare *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232; *Fraser* v. *Chapman,* 256 Mass. 1, 4; *Greeley* v. *Jameson,* 265 Mass. 465, 471.

There was no evidence, and it was not matter of common knowledge, that the presence in the store of a dog having no dangerous propensities was a probable source of harm to customers or other persons in the store. And this is true though such dog was not restrained. No statute, in the absence of facts not here shown (see G. L. [Ter. Ed.] c. 140, §§ 157, 158, 163, 164), and no order or ordi-

nance, so far as the evidence shows, requires dogs in Boston to be kept on leash or otherwise restrained (see G. L. [Ter. Ed.] c. 140, §§ 167, 173), and we need not consider the effect of such a statute, order or ordinance. Nor could the inference that the dog was a probable source of harm be drawn from the fact, which could have been found, that it was not collared — though that fact might subject it to the liability of being killed legally, G. L. (Ter. Ed.) c. 140, § 151 — or from the nature of the defendant's building, the character of its business, or the number of people in the store. There is nothing in the evidence which would distinguish this case at common law, if the defendant had been the owner or keeper of the dog, from *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232, where it was held that a storekeeper was not liable for injuries to a customer caused by a domestic cat kept by him in the store in the absence of "evidence warranting a finding that the cat was vicious to the knowledge of the defendant." Page 234. See also *Clinton* v. *J. Lyons & Co. Ltd.* [1912] 3 K. B. 198. Compare *Blair* v. *Forehand*, 100 Mass. 136, 140. Such evidence would have been required at common law, if, as here, there was no evidence of circumstances making the presence of an ordinarily harmless dog unusually hazardous, to prove that the presence in the store of an unrestrained dog owned or kept by the defendant was a probable source of harm or to charge the owner or keeper with responsibility for injuries inflicted upon a customer by such dog on any theory of liability. See *Cooper* v. *Cashman,* 190 Mass. 75, 76; *Sponatski's Case,* 220 Mass. 526, 531.

Though the defendant was not the owner or keeper of the dog it could not have been found that the dog was not in the store for a lawful purpose, that it was not "rightfully in the place where the mischief . . . [was] done." *Dix* v. *Somerset Coal Co.* 217 Mass. 146, 147. It was neither proved nor disproved that the dog accompanied a customer. That it was not collared and was not on leash would not settle this question. It could not be said that it was more likely that the dog strayed into the store of its own accord. The evidence goes no further than to show that the de-

fendant had no knowledge whether the dog was brought in by a customer, though there was evidence, which, however, might have been disbelieved, that the dog, if it was the dog which the personnel manager saw, appeared to be with a customer.   Furthermore, there is nothing in the case inconsistent with the dog's having been brought into the store for the purpose of being fitted with a collar at the defendant's department for the sale of "things for dogs," or some similar purpose incident to the defendant's business.   Under these circumstances there is no adequate reason for holding the defendant to a responsibility for the plaintiff's injuries greater than its responsibility at common law if it had been the owner or keeper of the dog. See *Smith* v. *Great Eastern Railway*, L. R. 2 C. P. 4, 12; *Holt* v. *Leslie*, 116 Ark. 433;  *Harris* v. *Fisher*, 115 N. C. 318.   *Cruickshank* v. *Brockton Agricultural Society*, 260 Mass. 283, is not an authority to the contrary.   There was no greater risk of harm to customers unless on the ground of the defendant's lack of opportunity to know this dog's propensities.

It could not have been found that the defendant knew or should have known that the dog was diseased or otherwise dangerous.   There was no evidence that the defendant had actual knowledge of the dog's dangerous propensities.   No inference of such knowledge on the part of the defendant could have been drawn from the appearance and actions of the dog in the store before it bit the plaintiff as observed by any employee of the defendant.   Nor was there evidence of any special circumstances which should have put the defendant upon inquiry as to the nature of the dog.   Its appearance and actions were not shown to have been such as to create suspicion that it was dangerous.   It did not seem to be without an owner, so far as the proof shows. The fact that the owner of a dog keeps it tied or chained has been held to be some evidence of its owner's knowledge of its dangerous propensities (see *Hahnke* v. *Friederich*, 140 N. Y. 224, 226;  compare *Cruickshank* v. *Brockton Agricultural Society*, 260 Mass. 283), but here there was no evidence of restraint of the dog by its owner which could be

thought to warn the defendant that the dog might not be harmless. Nor was there evidence of the prevalence of canine disease in the community. Whether, if there had been evidence in this case such as has been referred to, a finding would have been warranted that the defendant should have known that the dog was dangerous, we do not decide. Finally it does not follow from the fact that the defendant had no knowledge about the dog before it came into the store that, in the absence of any circumstances reasonably calculated to arouse suspicion, the defendant was under a duty to take steps to discover whether the dog was dangerous, particularly as it does not appear that such discovery could have been made by the exercise of reasonable care. See *Copeland* v. *Draper*, 157 Mass. 558. The common law principles governing liability for injuries caused by animals ordinarily harmless do not reach so far. See *Eastman* v. *Scott*, 182 Mass. 192, 194; *Cooper* v. *Cashman*, 190 Mass. 75, 77.

It results from what has been said that, even if the defendant was responsible for the presence of the dog in the store, the defendant was not liable to the plaintiff for the injuries resulting from her being bitten. Some foundation for the finding that the dog was a probable source of harm other than the conjecture of the jury was essential to liability. In this view of the case it is unnecessary to consider whether it could have been found that the dog which the defendant's personnel manager saw was the dog which bit the plaintiff or whether, if the presence of the dog in the store had been a probable source of harm, it could have been found that the defendant failed to exercise reasonable care to keep the premises safe for the plaintiff's use as a customer. Nor is it necessary to consider the exception to the charge.

*Exceptions sustained.*
*Judgment for the defendant.*