Morris Siegel, as Guardian ad Litem of Arlene M. Siegel, an Infant, et al., Plaintiffs, *v.* 1536–46 St. John's Place Corporation et al., Defendants.

City Court of the City of New York, Trial Term, Kings County, May 22, 1945.

*Abraham Epstein* for plaintiffs.

*Joseph F. Lenihan* and *Frederick Mellor* for defendants.

Charles E. Russell, Official Referee. This decision presents a question as to the liability of an owner of premises for injury to a person lawfully therein by a dog not owned or harbored by such owner.

Corporate defendant owned and operated a fifty-two family apartment house in which at the time infant plaintiff, child of ten, while on or about the common ways of entrance and egress thereto was bitten by an alleged vicious dog owned by the superintendent thereof, an employee of said owner. This superintendent lived in an apartment in the building and apparently as a tenant therein. (*Ofschlager* v. *Surbeck*, 22 Misc. 595.) He owned a German police dog which is testified by noninterested witnesses to having snapped, barked and growled at various persons in and about the building, and had, before this event, been taken to the Board of Health for an examination.

This animal had theretofore knocked down and scratched, but apparently not bitten, a child of plaintiffs' attorney.

On the day in question, while the mother of the infant was walking upstairs on a common stairway in the main hall with the infant plaintiff of four years following her, the little one screamed and another tenant testified that she then and there witnessed this dog grab plaintiff, throw her to the floor, and bite her on the arm. At the trial, this infant exhibited a raised white scar about her elbow about three fourths of an inch long which the hospital record revealed had become infected subsequent to the bite.

The infant's mother testified that about nineteen days prior to the incident, she had said to a Miss Menoff who collected her rent: " I told her she should try and get rid of the dog, so she promised me she will."

On an examination before trial of the corporate defendant by Ruth Menoff as assistant secretary thereof, she testified as to collecting rents and receiving complaints; that she had once seen this dog at a time when he was in the cellar and unleashed.

The examination before trial of Sam Jenkins, superintendent, elicited that the landlord had seen this dog in the cellar, and on the day in question, when the infant plaintiff screamed, the dog had bitten her on her arm.

Defendant rested without adducing evidence at close of plaintiffs' case upon motion to dismiss as to both plaintiffs, and again rested following reservation of decision without offering any evidence, at which time the motion was denied as to the individual defendant and reserved as to the corporate defendant, which latter motion is now denied with exception.

The only evidence before the court at this time is that adduced on behalf of the plaintiff together with the two examinations before trial. Inasmuch as this was a fifty-two family multiple dwelling, the public halls and stairs of which were open and frequented by tenants and their family members as well as others having business and social relations therewith, it became a continuing duty upon the owner of this building to keep such common ways in a reasonably safe condition resultant upon such known general usage and to exercise such care in the premises as a reasonably prudent person might under the same circumstances. Such duty extended to the exclusion of known vicious animals from frequenting thereabout. An action based on same is grounded on negligence ( *Andrews* v. *Jordan Marsh Co.*, 283 Mass. 158), this regardless of the fact that the corporate defendant was neither an owner or

harborer of said dog. The evidence indicates prior notice to defendant's officer of the dog's presence in and about the public halls and its trend toward viciousness. Such owners had control of the premises with power to expel the dog and its owner as well. It follows that liability ensued. (*Simpson* v. *Griggs,* 58 Hun 393; *Andrews* v. *Jordan Marsh Co., supra; Gallagher* v. *Kroger Grocery & Baking Co.,* 272 S. W. 1005 [Mo.]; *Harris* v. *Fisher,* 115 N. C. 318.)

Decision for plaintiff Muriel Siegel in the sum of $400. Decision for plaintiff Morris Siegel in the sum of $15. Both decisions against both defendants; judgments accordingly.