RICHARD HAMILTON, Plaintiff-Appellant, *v.* WINFIELD GREEN *et al.*, Defendants-Appellees.

Second District (1st Division)    No. 76-44

Opinion filed December 29, 1976.

Arthur S. Gomberg and Samuel Nineberg, both of Chicago, for appellant.

Roger K. O'Reilly and Edward R. Duncan, both of Wheaton, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff sued to recover damages for injuries sustained when he fell while chasing ducks owned by defendants which had strayed to his premises. On defendants' motion the trial court dismissed the initial and

amended complaint of plaintiff, concluding that plaintiff failed to state a cause of action predicated upon section 1 of "An Act in relation to domestic animals running at large * * *" (Ill. Rev. Stat. 1975, ch. 8, par. 1). Plaintiff filed a second amended complaint, re-alleging, as count I, the allegations which had earlier been dismissed by the trial court and asserting as count II, a cause of action in common law negligence. Defendants again moved to dismiss. The trial court dismissed the second amended complaint, concluding that plaintiff had failed to state a cause of action.

On appeal plaintiff first contends that defendants violated the provisions of section 1 of "An Act in relation to domestic animals running at large * * *" (Ill. Rev. Stat. 1975, ch. 8, par. 1): "Hereafter, it shall be unlawful for any animal of the species of horse, ass, mule, cattle, sheep, goat, swine or *geese*, to run at large in the State of Illinois: Provided that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large," arguing that defendants' ducks were domestic animals within the intent of that enactment. (Emphasis added.) He contends that count I of the second amended complaint premised defendants' liability upon negligence in violating the terms of the statute and therefore should not have been dismissed.

Both parties acknowledge that plaintiff's injury occurred while he was chasing defendants' ducks from his premises. Plaintiff argues that the term "geese" employed in the statute encompasses defendants' ducks, pointing out that ducks and geese are members of the family *Anatidae*. Defendants, asserting that the statute did not encompass "ducks" submitted at trial the affidavits of four parties, familiar with the characteristics of fowl, indicating that a duck could not be considered a goose because geese and ducks do not interbreed; geese grow considerably larger than ducks; the neck of a goose is longer than that of a duck; and geese have a more pugilistic temperament than ducks.

■■ It has long been a rule of statutory construction that language employed by statutory draftsmen will be ascribed its ordinary and popularly understood meaning. (*General Motors Corp. v. Industrial Com.*, 62 Ill. 2d 106, 112 (1975).) In common meaning the "species of * * * geese" does not include ducks. The principal characteristic of species in animals as referred to in the statute has been stated in *Oil v. Rowley*, 69 Ill. 469, 471-72 (1873):

> "A species, then, embraces individuals of the same kind, and all of the individuals having the same characteristics. It embraces all

individuals that are precisely alike in every character, and not capable of change by any accidental circumstances, and capable of uniform, invariable and permanent continuance by natural propagation. Or, it is founded on identity of form and structure, both external and internal—the principal characteristic of species in animals being the power to produce beings like themselves, and who are themselves also naturally productive. These seem to be the generally accepted definitions of the word 'species,' in zoology:"

In *Rowley* the court construing a predecessor statute concluded that the "species bull" in the generally accepted sense embraced bulls of all kinds and descriptions but not cows, heifers or steers. (69 Ill. 469, 473.) In *McPherson v. James*, 69 Ill. App. 337, 339 (1896), the court construed the act of 1895 which indicated the same named species as the present act. It held that the statute which made it unlawful for certain species of domestic animals to run at large does not include all domestic fowl and in particular "does not, by any specific or general term, include turkeys." We conclude that the statute also excludes ducks. The trial court did not err in dismissing count I of plaintiff's second amended complaint.

In count II of plaintiff's second amended complaint plaintiff basically asserts that defendants' ducks had on occasion before August 20, 1974 (the date of the injury), run onto plaintiff's property and in one instance a duck owned by defendants was killed by a dog in the neighborhood; that defendants knew and had been advised that the ducks were running at large in the neighborhood and did not use reasonable care to restrain them; that on August 20, three ducks were permitted by defendants to run onto the property of plaintiff and that as plaintiff chased after those ducks to return them to the property of defendants plaintiff fell suffering injuries. The foregoing assertions, plaintiff alleges, state a cause of action in negligence.

On appeal plaintiff depicts the issue respecting count II as one of "proximate causation," alleging that injuries sustained by plaintiff were a proximate result of the negligence of defendants. Defendants argue that their conduct was not the proximate cause of injury to plaintiff and that the allegations of count II do not establish the existence of a duty owed by defendants to plaintiff, the breach of which had as a foreseeable consequence injury to plaintiff.[1]

---

[1] Defendants also argue that there is no cause of action in Illinois based upon common law for any injury caused by an animal running at large, citing *McKee v. Trisler*, 311 Ill. 536 (1924), and *Heyen v. Willis*, 94 Ill. App. 2d 290 (1968). We are doubtful that the dicta stated in the cited cases would be applicable to modern conditions and have therefore assumed that an action might under proper conditions be based on the actions of animals who stray, apart from "An Act in relation to domestic animals running at large * * *."

Legal conceptions of duty-foreseeability and proximate causation are much debated and have led to much confusion. Prosser in the Law of Torts, ch. 7, §43 at 250 (4th ed. 1971), speaks of the difference in that questions of duty arise only when there is some evidence of causation which is jury submissible. The issue then is "one of the fundamental policy of the law, as to whether defendant's responsibility should extend to such results." Viewing the allegations of plaintiff's complaint it is clear that defendants' failure to act played a part in initiating a series of events which resulted in plaintiff's injury. There is some causal connection between the failure to act of defendants on one hand and the injury incurred by plaintiff on the other. Nonetheless, defendants had no ability to control the actions of plaintiff taken in response to the wandering of three ducks. The critical question in our view is one of duty-foreseeability.

In *Mieher v. Brown*, 54 Ill. 2d 539 (1973), a case noted by defendants, an amended complaint of plaintiff alleged that defendant had negligently designed the truck with which plaintiff's vehicle collided without a rear bumper, fender or shield. Plaintiff alleged that the absence of a bumper, fender or shield made the truck unsafe and that a vehicle colliding with the rear of it would be allowed to proceed unimpeded under the bed of the truck. Plaintiff's decedent sustained fatal injuries when her automobile ran under the rear of the truck and the truck bed penetrated the windshield of the car which she was driving. The Supreme Court concluded that plaintiff's statement of a cause of action failed to indicate a legal duty. In reaching this conclusion the court noted Restatement (Second) of Torts §435(2) (1965), which states:

> "The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."

The court also observed that "it is apparent that the concept of duty in negligence cases is very involved, complex and indeed nebulous." The court found that public policy did not require that a duty be placed upon the manufacturer of the truck in question to design his vehicle so as to prevent injuries from such extraordinary occurrences as were before the court.

■■■ A second case noted by defendants which we find pertinent is *Cunis v. Brennan*, 56 Ill. 2d 372 (1974). There plaintiff, a minor, was injured when riding as a passenger in an automobile, when that automobile was struck by another automobile. Plaintiff was thrown from the vehicle and his leg was impaled upon an object protruding from the ground near the curb, that object being the remains of a drainpipe. The

injury necessitated the amputation of a leg. Plaintiff alleged that the village failed in its duty to maintain the parkways in a safe condition by permitting a dangerous and broken drainpipe to remain on the parkway and that this negligence was the proximate cause of plaintiff's injuries. In rejecting plaintiff's contention the court stated as follows:

> "* * * in determining whether there was a legal duty, the occurrence involved must not have been simply foreseeable, as the plaintiff contends; it must have been reasonably foreseeable. The creation of a legal duty requires more than a mere possibility of occurrence. Negligence as defined in the Restatement (Second) of Torts (1965), section 282, is conduct which falls below the standard established for the protection of others 'against unreasonable risk of harm.' Harper and James, in their Law of Torts, observe: 'Not what actually happened, but what the reasonably prudent person *would then have foreseen as likely to happen,* is the key to the question of reasonableness.' (2 Law of Torts (1956), sec. 16.9, at 929.) And Prosser (Handbook of the Law of Torts (4th ed. 1971), sec. 31, at 146) comments: 'No man can be expected to guard against harm from events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded.' In judging whether harm was legally foreseeable we consider what was apparent to the defendant at the time of his now complained of conduct, not what may appear through exercise of hindsight. We will not look back, as it was felicitously put by Justice Cardozo, 'at the mishap with the wisdom born of the event * * *.' (*Greene v. Sibley, Lindsay & Curr Co.* (1931), 257 N.Y. 190, 192, 177 N.E. 416, 417.) But courts will be retrospective for another purpose. Section 435(2) of the Restatement (Second) of Torts (1965) provides: 'The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.' " (*Cunis v. Brennan,* 56 Ill. 2d 372, 375-76 (1974).)

The court concluded that "the remote possibility of the occurrence did not give rise to a legal duty on the part of the village to the plaintiff to provide against his injury." In reaching this conclusion the court quoted a comment made by Prosser as follows:

> " '[L]iability must stop somewhere short of the freakish and the fantastic.' " 56 Ill. 2d 372, 378.

■■ Unlike the situation in the cases cited by plaintiff, defendants' liability is necessarily premised upon injury occurring as a result of an affirmative response taken by plaintiff to a condition allegedly created by

defendants. Circumstances may be envisioned where a duty might arise if the ducks of defendants had crossed onto plaintiff's premises and directly caused damage (*cf. McPherson v. James*, 69 Ill. App. 337) or personal injury. (See Annot., 88 A.L.R.2d 709 (1963).) Here, however, the injury was occasioned in the process of plaintiff's responding to a situation created by the ducks' presence on the premises. Because the nature of the response of plaintiff is a primary factor in the resultant injury we do not find the injury suffered foreseeable given the nature of defendants' alleged involvement (permitting the wandering of the ducks on plaintiff's premises). We therefore conclude that no duty or breach of duty was stated upon which the liability of defendants may be premised.

The judgment is affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.