**Robert Alan BLAKE, Appellant-Plaintiff,**

v.

**DUNN FARMS, INC.,
Appellee-Defendant.**

No. 2–178A28.

Court of Appeals of Indiana,
Second District.

Nov. 5, 1979.

---

5. *See* 98 A.L.R.2d 966 (1964), as relied upon by the majority.

Larry J. Burke, Kennerk, Dumas, Burke, Backs, Long & Salin, P.C., Fort Wayne, Robert E. Bostwick, Wabash, for appellant-plaintiff.

Howard J. DeTrude, Jr., Mark W. Gray, Peter G. Tamulonis, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellee-defendant.

SULLIVAN, Judge.

Plaintiff Robert Blake appeals from a summary judgment[1] entered in favor of defendant Dunn Farms, Inc. (Dunn). Blake presents numerous issues on appeal. Because of our determination of the substantive question, we do not reach the alleged procedural errors.

■ The proponent of a motion for summary judgment bears the burden to demonstrate that no genuine issues of fact exist. Therefore, the products of discovery are liberally construed in favor of the opponent. *Swanson v. Shroat* (2d Dist. 1976) Ind.App., 345 N.E.2d 872, 874.

The pleadings, depositions, affidavits and interrogatories viewed in the light most favorable to plaintiff, indicate that Blake was a passenger in an automobile which collided with a horse at night. The accident occurred on a portion of a state highway running through Dunn's land. Plaintiff was permanently blinded and suffered other injuries. The horse was owned by Arnold Love who had pastured it in defendant's field. Love had rented the pasture from tenants of Dunn who had vacated the premises prior to the accident. Inadequate fencing permitted the horse to escape. Dunn knew or should have known of the defective fence and of the presence of horses on the land.

The trial court granted summary judgment on the ground that defendant owed no duty to plaintiff to restrain a horse neither owned nor kept by Dunn. We disagree.

■ The owner of property adjacent to a highway owes a positive duty to the public to exercise reasonable care to prevent injury caused by the property's defective or dangerous condition. 65 C.J.S. *Negligence* § 77a (1966). *See Pitcairn v. Whiteside* (1941) 109 Ind.App. 693, 34 N.E.2d 943. The duty of a landowner to a person on an adjacent road is similar to that of a landowner to an invitee. An owner of business premises has an obligation to use reasonable care for the protection of invitees. *Hammond v. Allegretti* (1974) 262 Ind. 82, 311 N.E.2d 821.

■ In *Andrews v. Jordan Marsh Co.* (1933) 283 Mass. 158, 186 N.E. 71, plaintiff sustained injuries from a dog bite received on defendant's premises. The Supreme Judicial Court of Massachusetts stated:

> "The liability of the defendant is to be determined according to the common law. It could not have been found that the defendant was the owner or keeper of the dog so as to be subject to the liability imposed by statute upon owners and keepers of dogs for injuries caused by their dogs. . . .
>
> The plaintiff can recover only upon proof of breach of the defendant's duty to keep the premises in safe condition for her use as a customer. . . . Reasonable care to keep the premises safe for customers from harm caused by animals is within the scope of this duty. . . .
> The action is grounded upon negligence, but there was no negligence unless the plaintiff's injury, though in its precise form unforeseeable, was in its general nature a probable consequence of some act or omission for which the defendant was responsible.

---

1. The judgment purported to be a judgment on the pleadings, but as set forth in Ind.Rules of Procedure, Trial Rule 12(C), the consideration of other matters transforms the determination into a summary judgment.

. . . It was, therefore, essential to the plaintiff's case to prove that harm . . . was a probable consequence of the presence of the dog in the store under circumstances shown." *Id.* at 160–61, 186 N.E. at 72.

The court held that, because plaintiff had not established that the dog had vicious propensities, she had not proved that harm was a probable consequence of the dog's presence. *Id.* at 162–65, 186 N.E. at 73–74.

Indiana, however, has dispensed with the requirement of knowledge of vicious propensities in certain instances. In *Corey v. Smith* (1954) 233 Ind. 452, 456, 120 N.E.2d 410, 412, the court stated, regarding a bull on a highway: "He could have been as gentle as a cat or dog, yet 700 pounds of black animals on a black top state highway constituted a menace in the nighttime to the traveling public."

■ Applying the reasoning of *Andrews* and *Corey,* we hold that a landowner must exercise reasonable care to prevent harm by known domestic animals on his premises to persons on adjacent highways.

In *Siegel v. 1536–46 St. John's Place Corp.* (1945) 184 Misc. 1053, 1054–55, 57 N.Y.S.2d 473, 474, the court stated that the landlord had a duty to his tenants:

"to keep such common ways in a reasonably safe condition resultant upon such known general usage and to exercise such care in the premises as a reasonably prudent person might under the same circumstances. Such duty extended to the exclusion of known vicious animals from frequenting thereabout . . . regardless of the fact that the corporate defendant was neither an owner or harborer of said dog. . . . Such owners had control of the premises with power to expel the dog and its owner [who was the building superintendent] as well. It follows that liability ensued."

*Cf. Parr v. McDade* (2d Dist. 1974) 161 Ind.App. 106, 314 N.E.2d 768 (holding the landlord liable for injuries resulting from a fire caused by an open-flame heater in an employee's apartment). In the instant case, the defendant also had the power to expel the horses, or, in the alternative, to repair the fence.

■ Dunn relies upon *Heyen v. Willis* (1968) 94 Ill.App.2d 290, 236 N.E.2d 580. In that case, the Illinois Court of Appeals found that defendant was not an owner or keeper within the meaning of the Illinois run-at-large statute, and further, that the only liability for damage by estrays had to be based on that statute. *Id.* at 296, 236 N.E.2d at 583–84. A later case, *Hamilton v. Green,* 44 Ill.App.3d 987, 3 Ill.Dec. 565, 358 N.E.2d 1250, however, indicated that an action could be based on general theories of negligence. It appears that Indiana has adopted the same position as *Hamilton.* See *Sork v. Taylor Bros., Inc.* (1971) 150 Ind.App. 626, 277 N.E.2d 5. Further, according to *Heyen,* Illinois common law provided no liability for animals running at large. The Indiana common law is contrary; an owner may be held liable for damages done by estrays. *Cook v. Morea* (1870) 33 Ind. 497.

We reverse and remand for a trial upon the issues.

BUCHANAN, C. J., and SHIELDS, J., concur.