Aguiar, J.
This appeal raises the issue whether the trial judge erred in denying the defendant’s motion for a required finding, where the plaintiff was bitten by a dog belonging to a patron, Joseph Bennett, in defendant’s establishment. We find no error.
At the trial it was stipulated by the parties that Clock Tavern was not the owner or keeper of the dog under G.L.c. 140, §155.
There was evidence tending to show that: The plaintiff, Virginia Griffin on February 19,1992, arrived at the Clock Tavern between 6:00 and 7:00 p.m. The plaintiff ordered a beer and sat at the bar, three stools in from the front door. A small dog about three feet long and two feet high, belonging to another patron had been at the bar prior to the plaintiff’s arrival but she did not see it. There were a dozen patrons in the bar and six were sitting at the bar. Joseph Bennett was allowed by Clock Tavern to bring his dog to the bar unrestrained. It had been at the bar on numerous occasions prior to this date, with Clock Tavern’s knowledge and acquiescence. As the plaintiff turned around to get up from the bar, she noticed the dog standing behind her, unleashed, unmuzzled and unrestrained. She asked if the dog bites and a man responded "that’s why there is no leash.” As the plaintiff proceeded to get off the stool and bend down toward the dog, it suddenly lunged at her face, biting her on the side of the face. The plaintiff never touched or had any contact with the dog. The alleged owner grabbed the dog and left the bar. The bartender failed to warn the plaintiff or take any action to prevent this attack. He remained behind the bar and failed to offer any assistance before or after this incident. The bartender and Clock Tavern failed to foresee that a dog, left to roam the bar, might attack a patron especially where alcohol is being served. As a result of the dog bite, the plaintiff suffered a laceration of the right side of her mouth. She was treated and incurred medical bills. The plaintiff also suffered a permanent visible one inch scar on the right side of her mouth. She was unable to eat for two or three days.
At the close of the plaintiff’s case, Clock Tavern orally moved for a required finding that the evidence submitted did not warrant a finding of liability.
The defendant offered no witness testimony.
There was finding for the plaintiff and damages assessed in the amount of $3500 and a denial of defendant’s motion for a required finding.
Neither party filed any request for rulings.
No evidence was proffered of any prior dangerous behavior on the part of that dog or any notice to the defendant of any dangerous propensities on the part of that dog.
The plaintiff relies upon section 344 of the RESTATEMENT SECOND OF *120 TORTS. Reduced to its essential elements, section 344 imposes liability for (a) physical harm (b) to business invitees (c) caused by (d) a harmful act and (e) the failure of the possessor to exercise reasonable care to protect against such harm.
Defendant argues that there was no evidence, and it was not a matter of common knowledge, that the presence in the bar of the dog having no dangerous propensities was a probable source of harm to customers or other persons in the bar. Defendant cites Andrews v. Jordan Marsh Co., 283 Mass. 158, 186 N.E.2d 71 (1933), which involved a suit against Jordan Marsh when one partron’s dog bit another person. There the Supreme Court held that the plaintiff can recover only upon proof of breach of the defendant’s duty to keep the premises in safe condition for her use as a customer.
The plaintiff offered evidence that there were no rules, orders and/or regulations promulgated by the defendant concerning the presence of animals on the premises known as the Clock Tavern.
The plaintiff contends that the plaintiffs injury was in its general nature a probable consequence of the defendant’s action in allowing on the premises, an unleashed, unrestrained dog who was not rightfully or properly on said premises. It owes a duty to a paying patron to use reasonable care to prevent injuries to him, by third persons whether these acts were accidental, negligent, or intentional. Sweenor v. 162 State Street, Inc., 361 Mass. 524, 281 N.E.2d, 280, 282 (1972).
In the Sweenor case, the plaintiff patron sat next to an inebriated person in a bar, and was injured when he tried to catch the inebriated patron as he fell from a bar stool. The Appellate Court reversed the trial judge’s allowance of the defendant’s motion for directed verdict, stating that the finder of facts could have found that an inebriated patron falling from a bar stool was foreseeable and predictable, in addition to the instinctive reaction and natural human impulses on the part of the plaintiff in attempting to catch the falling patron.
In ruling on a motion for a required finding pursuant to Dist./Mun. Cts. R. Civ. R, Rule 41(b) (2), “the standard is whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Forlano v. Hughes, 393 Mass. 502, 504 (1984).
In the instant case, there is sufficient evidence of common law negligence on the part of Clock Tavern to warrant a denial of the defendant’s motion for required finding.
This case is distinguished from the Jordan Marsh case because of the element of alcohol being consumed on the premises. It is natural and foreseeable that injuries may occur to patrons when there is an unleashed, unrestrained dog on the premises and patrons drinking alcohol. It is reasonable to expect accidents to happen when you have animals and persons possibly under the influence of alcohol in the same room. The defendant failed to warn the plaintiff of that potential danger and made no attempt to exclude the animal that put the plaintiff in that potentially hazardous situation.
We find that there was sufficient evidence of common law negligence to warrant a denial of the defendant’s motion for required finding.
The report is dismissed and the judgment is affirmed.