Lopez, J.
Plaintiff, Gilbert M. Cherry (Cherry), brought this negligence action to recover damages for injuries sustained as the result of an incident, which occurred at the residence of defendants Michael Goodman and Louise Goodman (the Goodmans), involving a dog owned by defendant William Ashman (Ashman). This matter is before the court on the Goodmans’ motion for summary judgment on the grounds that there is no evidence that they knew or should have known that the dog had vicious propensities. For reasons set forth below, the defendants’ motion for summary judgment is allowed.
BACKGROUND
The undisputed material facts are as follows. On August 8, 1993, the Goodmans invited Ashman and Cherry to a party at their home at 218 Mossman Road in Sudbury, Massachusetts. Ashman brought his dog, a full-grown golden retriever, to the party despite the fact that the Goodmans had told him that the dog was not invited. Ashman tied the dog with rope to a tree in the Goodmans’ yard. Cherry was standing in the yard talking to another guest while the dog was sitting quietly near the tree. After about five minutes, Cherry approached the dog to see if there was any water in its dish. Ashman’s daughter exited the house into the yard as Cherry walked toward the dog. As the dog moved toward the girl, the rope caused Cheny to fall to the ground, and as a result he fractured his leg.
DISCUSSION
The court will grant summary judgment where there are no genuine issues of material fact and where the *71 summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party may satisfy its burden by demonstrating that proof of an essential element of the plaintiffs case is unlikely to be forthcoming at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once the moving party establishes the absence of a triable issue, the opposing party must allege specific facts establishing the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The Goodmans are not the owner or keeper of the golden retriever for purposes of G.L.c. 140, s. 155 and, therefore, liability is to be determined according to the common law. A landowner owes a duty to his guests to use reasonable care in maintaining his property in a reasonably safe condition. Mounsey v. Ellard, 363 Mass. 693, 706-07 (1973). Reasonable care to keep the premises safe for guests from harm caused by animals is within the scope of this duty. Andrews v. Jordan Marsh Co., 283 Mass. 158, 161 (1933). If the dog is rightfully on the premises where the injury occurs, unless it appears that the animal is vicious and that fact is known to the defendant, there is no liability. Splaine v. Eastern Dog Club, Inc., 306 Mass. 381, 385 (1940); Goodwin v. E.B. Nelson Grocery Co., 239 Mass. 232, 234 (1921).
Under common law, dogs are regarded as harmless. Andrews, 283 Mass. at 161. The plaintiff has the burden of showing that the Goodmans knew or should have known that the dog had dangerous propensities. See Splaine, 306 Mass. at 385. Plaintiffs depositions filed in opposition to this motion do not create a genuine issue as to any knowledge by the Goodmans of this dog’s propensities. The fact that the dog was “running around” or that Cherry and the dog “con-verg[ed] on one another” does not satisfy plaintiffs burden. Nor does plaintiffs contention that the Good-mans were “agitated” about the dog coming to the party establish that they had knowledge of dangerous propensities. The record reveals that they were upset at the dog’s arrival because they have two dogs of their own. There is no evidence that they were upset because the dog was known to be vicious. Moreover, the circumstances of this accident do not show any dangerous propensities on the part of this dog.
The dog was sitting quietly until it got up and headed towards Ashman’s daughter. Plaintiff was tripped by the rope because he was in the wrong place at the wrong time. Accordingly, the Goodmans’ motion shall be allowed.
ORDER
For the foregoing reasons, it is therefore ORDERED that summary judgment enter for the defendants Michael Goodman and Louise Goodman.