Donohue, J.
The plaintiff, Lynn Goodel, has filed a two-count amended complaint in this case in response to an attack by a dog.[1] The complaint consists of one count against the owners of the dog (collectively “owners”) Gordon Rolfe, Darlene Rolfe, and their son, James Smith, alleging strict liability pursuant to G.L.c. 140, §155, and one count against the landlord of the property (“landlord”), Eliot W. Denault III, sounding in negligence for failure to maintain the property in a safe condition.[2] Denault now moves to dismiss the complaint pursuant to Mass.R.Civ.Pro. 12(b)(6). For the following reasons, Denault’s motion to dismiss must be DENIED.
BACKGROUND
On or about May 5, 1997, the plaintiff was attacked and bitten by a dog while visiting James Smith at his home, located at 648 Main Street in Oxford, MA. The plaintiff suffered substantial injuries as a result of the attack. At all times relevant to the attack, Eliot Denault II owned the residential property involved in this dispute.
DISCUSSION
I. Motion to Dismiss
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, and weigh in the plaintiffs favor any reasonable inferences to be drawn from them. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). Any inferences drawn from a pleading should be “construed so as to do substantial justice.” Ourfalian v. Aro Manufacturing Co., 31 Mass.App.Ct. 294, 296 (1991), citing Nader v. Citron, 372 Mass. 96, 98, 104 (1977). ”[P]laintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). The complaint must be accorded a “generous reading,” New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 29 (1988), and “should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim ‘which would entitle [her] to relief.’ ” Nader, 372 Mass. at 98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
II. Claim of Negligence Against Denault, the Owner of the Premises
In general, “[n]egligence is the doing of something, which a reasonably prudent person, in the ordinary course of human events, would not do, or the failure to do something which a reasonable person would do. Hence, it is the failure to use due care in the management of one’s person, property, or agency under one’s control.” Mass. Lobsterman’s Ass'n, Inc. v. U.S., 554 F.Supp. 740, 742 (D.Mass. 1982), citing Prosser, The Law of Torts, (2nd) 142 (1971) [citations omitted]. Furthermore, the negligent act must be the proximate cause of the injury. Id.
“With respect to areas maintained in the landlord’s control the landlord may be viewed as in effect an ‘occupier’ ” King v. G&M Realty Corp., 373 Mass. 658, 661 (1977); see also Linsey v. Massios, 372 Mass. 39 (1977). Landowners or occupiers are not insurers of the safety of their property, but are responsible for reasonable care under all the circumstances and to all lawful visitors. Mounsey v. Ellard, 363 Mass. 693, 707-09 (1973).
“[P]ersons who are neither owners nor keepers may conduct themselves negligently in relation to a dog so as to become liable for consequent injuries to others.” Brown v. Bolduc, 29 Mass.App.Ct. 909, 910 (1990). A person who is not an owner of a dog may still owe a duty to exercise reasonable care to protect the plaintiff from harm caused by an animal. Id. at 910. In cases in which the defendant is not the owner of a dog, a plaintiff can recover for injuries caused by a dog bite if the plaintiff can prove that the defendant breached *605 the duty of care to keep the premises in safe condition. Griffin v. Clock Tavern, Inc., 1994 Mass.App.Div. 119, 120 (holding that a bar owner may be found negligent in allowing an unleashed dog in a bar that resulted in an attack on and injuries to a customer), citing Andrews v. Jordan Marsh Co., 283 Mass. 158 (1933).
According to the complaint a generous reading in the present case, Denault was the owner of the property. “(LJandlords as other persons must exercise reasonable care not to subject others to an unreasonable risk of harm. A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk.” Young v. Garwacki, 380 Mass. 162, 169 (1980). Accordingly, a landlord will not be held liable unless he knew or should have known of a dangerous situation on his premises, had an opportunity to rectify it and failed to do so. Id. at 170. The plaintiffs injury must be “in its general nature a probable consequence of some act or omission for which the defendant was responsible.” Andrews, supra, 283 Mass. 158, 161 (1933).
At this stage in the litigation, it is not beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief. At oral argument, both parties admitted that the Massachusetts dog-bite statute, G.L.c. 140, §155, applied only to the defendant-owners of the dog, and not to Denault, the owner of the residential property. Whether the landlord had notice of the dangerous propensities of the dog (if any) is directly at issue. Discovery may uncover prior attacks involving the dog and/or complaints by others to Denault. Facts may emerge which could lead to the reasonable inference that Denault knew of the dangerous animal on his property, yet did not act to prevent any future attack. Therefore, according the complaint a generous reading, the defendant’s motion to dismiss must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant landlord’s motion to dismiss is DENIED.

 This court allowed the plaintiffs motion to amend her original, and admittedly poorly drafted, complaint.

 As to her count of negligence, the plaintiff states:
(a) The Defendants, Eliot W. Denault III, Gorden Rolfe, Darlene Rolfe and James Smith knew or should have known that the dog had a vicious propensity, in that it had shown a propensity to attack other people on numerous prior occasions but nevertheless kept or permitted the dog to be kept on the property.
(b) The defendants did not have the dog on a leash, chain or other restraining device.
(c) The defendants permitted the dog to run at large on the streets and sidewalks without a muzzle, fashioned to prevent the biting of any person.