**MANUEL VIERA, Plaintiff**

v.

**MAXIMO SOTO d/b/a MARMAX, Defendant**

## Civil No. 135-1964

## District Court of the Virgin Islands

### Div. of St. Croix

Christiansted Jurisdiction

## April 28, 1965

*See, also, 240 F.Supp. 541*

RUSSELL B. JOHNSON, of counsel, St. Croix, Virgin Islands, *for plaintiff*

YOUNG, ISHERWOOD & MARSH (JOHN D. MARSH, of counsel), St. Croix, Virgin Islands, *for defendant*

GORDON, *District Judge*

### MEMORANDUM OPINION

On the 14th day of April, 1965, the motion of the plaintiff for summary judgment came on for hearing. The

arguments of counsel were made and the Court took the matter under advisement. The Court has carefully reviewed the contentions of the parties and concludes since there is no material issue of fact that summary judgment should be entered in favor of the plaintiff against the defendant as a matter of law. *Rule 56 of the Federal Rules of Civil Procedure.*

The facts which appear without substantial controversy are as follows:

The plaintiff and the defendant entered into a written lease agreement on November 17, 1961 for premises known as Plot Number 24 La Grande Princesse near Christiansted, St. Croix. The pertinent provision of the lease reads as follows:

"3. *Rent*: The rent to be paid for the premises shall be as follows: For the first year the sum of One Thousand Eight Hundred ($1,800.00) Dollars per annum which said amount shall be paid in advance and the receipt of which is hereby acknowledged. The rent for the remaining nine years of the term shall be Two Thousand Four Hundred ($2,400.00) Dollars per annum which said rent shall be paid annually in advance, the first payment to be due on the first day of October, 1962, and thereafter on the first day of October in each year of the term."

The rent in the amount of $2,400.00 payable on October 1, 1964 was not paid by the defendant and has not been paid to date. The defendant did assign said lease to Marmax Gas, Inc., a corporation, with the consent of the plaintiff. The corporation assumed the obligation to pay the rent to the plaintiff for the use of the premises.

█ The only question of law which needs to be answered is whether the assignor of a lease can be held liable on the lease when the assignee has failed to pay the rent. The Court is of the opinion that unless there is a written agreement wherein the lessor agrees to release the lessee-assignor from an obligation to act as guarantor of the lease, the lessee-assignor remains liable to the lessor for any unpaid

rent due and owing by the assignee. There was no such agreement to release the lessee of liability in this case. As is succinctly stated in *32 American Jurisprudence—Landlord and Tenant—Section 358:*

"Although a lessee is not liable on an implied covenant to pay rent after the assignment of his term, it is well settled that where a lessee has expressly covenanted to pay rent, an assignment of the lease does not relieve him of liability for rent subsequent to the assignment, since in such case, although the privity of estate is terminated by the assignment, the privity of contract is unaffected . . . ."

In the case of Keith v. McGregor, 163 Ark. 203, 259 S.W. 725 (1924) it was held that acceptance of rent from the assignee does not relieve the lessee of his obligation to pay the rent if there is a default in payments by the assignee.

In the case of Buck v. J. M. McEntee and Sons, 275 P.2d 984 (Oklahoma, 1954) the defendant-lessee contended that he was not liable for rent accrued during the time the assignee occupied the premises. It was his contention that the plaintiff consented to the assignment of the lease and accepted rent from the assignee and thereby impliedly agreed to accept the assignee as tenant and to release the lessee from further payment of the rent. The Court held at page 987 "While it is true that the assignment of the lease contract by the lessee with the consent of the lessor destroys the privity of the estate between the lessor and lessee but, notwithstanding the assignment, there still remains privity of contract between them and the lessee remains liable to lessor on his covenant to pay rent and the fact that plaintiff accepted rent from the assignee does not change the rule."

The Court is of the opinion that the assignment of the lease with the consent of the lessor destroys the privity of estate, but the privity of contract remains unaffected.

Since in this case, the lessee did not enter into a novation, he still remains liable to the plaintiff for unpaid rent. Therefore, judgment shall be entered in favor of the plaintiff against the defendant in the amount of $2,400.00 and costs plus attorneys fees in the amount of $240.00.