**EDMUND MARTIN et al., Plaintiffs**

**v.**

**LEONILE A. SEALEY and VERONICA FRANCIS, Defendants**

**v.**

**VERONICA FRANCIS, Third Party Plaintiff**

**v.**

**BENJAMIN BOYNES and AMANDA I. SMALLS, Third Party Defendants**

Civil No. 603/83

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 7, 1985

ROLAND B. SCOTT, JR., ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

G. LUZ A. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendants*

EDDY RIVERA, ESQ., Christiansted, St. Croix, V.I., *for third-party plaintiff*

JOHN E. LENAHAN, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM

This matter is before the Court on Motion for Summary Judgment filed by Roland B. Scott, Esq., Attorney for Plaintiffs. Defendant Leonile A. Sealey appears by and through her Attorney, G. Luz A. James, Esq., Defendant Veronica Francis by and through her Attorney, Eddy Rivera, Esq. and Third Party Defendants Benjamin Boynes and Amanda I. Smalls appear by and through their Attorney, John E. Lenahan, Esq.

Plaintiffs instituted this action which seeks to have deeds to certain real property declared void and to adjudicate the interests of the parties in the property described in said deeds, by filing a complaint and thereafter an Amended Complaint. Each of the defendants filed an answer. Defendant Sealey filed a counterclaim against plaintiffs seeking money damages for care allegedly given to plain-

tiffs' decedent before his death and defendant Francis filed a Third Party Complaint against defendants Boynes and Smalls seeking indemnification for any damages for which she may be held liable and for recovery of the purchase price of a portion of the real property here in issue, paid to said third party defendants by her.

Plaintiffs now move for Summary Judgment having filed and served the Motion therefore on August 24, 1984. Neither the defendants nor the third party defendants have responded by the filing of any pleadings in opposition.

At the outset it should be noted that Rule 56(c) Fed. R. Civ. P. requires that motions for summary judgment provide at least 10 days notice to the non-moving parties. Where service of the motion is effected by mail, 3 additional days are granted for response. Rule 6(e) Fed. R. Civ. P. Approximately 5 months have elapsed in this case without any responsive pleading having been filed. Rule 6(i) of the Rules of the District Court of the Virgin Islands, made applicable to this Court by Rule 7 of the Rules of the Territorial Court of the Virgin Islands, provides that where no responsive pleading is filed the court may treat the motion as conceded and render whatever relief is requested in the motion.

In light of the permissive language used in Rule 6(i) Fed. R. Civ. P. it is clear that the court is called upon to exercise its discretion in treating the motion as conceded and this in turn demands that the court find that the movant is entitled to the requested relief rather than mechanically granting the motion.

Plaintiffs in the case sub judice have clearly established the right to the relief sought.

It is undisputed that the underlying conveyances were made by defendant Sealey as attorney in fact for her grandfather, William E. Martin. Both conveyances were effected by a deed of gift to herself purportedly under the terms of the Power of Attorney, a copy of which was annexed to the Amended Complaint.

The power of attorney in question contains no express authorization to make gifts, and it has been admitted that the purpose of the power of attorney was to allow Leonile A. Sealey to manage William E. Martin's personal affairs because of his advanced age and senility.[1]

The only source of purported authority to convey real property

---

[1] See ¶ 5, Amended Complaint and ¶ 2, Amended Answer of defendant Sealey who was the attorney in fact named in the power of attorney. Defendant Francis has failed to answer the Amended Complaint and therefore cannot be said to deny the allegations of ¶ 5 of the Amended Complaint.

contained in the power of attorney must be gleaned from the language of one or both of the following grants:

"to sell, transfer, exchange, or otherwise dispose of any of my property, real, personal or mixed, and to execute and deliver good and sufficient deeds or other instruments for the conveyance of transfer of same;"

\*        \*        \*

"To do generally, any and all acts on my behalf on any other matters or things pertaining or belonging to me with the same validity as I might act or could do if personally present;"

██ Generally, an attorney in fact may exercise only those powers which have been *specifically* granted or which are necessarily exercised in connection with a power so granted. Restatement (Second) of Agency § 37 and comment thereto. Absent *specific* authority to do otherwise, an attorney in fact may act only for the benefit of the principal. Restatement, supra § 39. Furthermore, the fact that an agent is a fiduciary with respect to matters within the scope of his agency may not be ignored. Restatement, supra § 13. "Among the agent's fiduciary duties to the principal is . . . the duty not to act as, or on account of, an adverse party without the principal's consent, . . . and the duty to deal fairly with the principal in all transactions between them." Id. at comment a.

██ The simple rule is that an attorney in fact does not have the power to make gifts of his principal's property unless the authority to do so is expressly stated in the power of attorney. Von Wedel v. McGrath, 180 F.2d 716 (3rd Cir., 1950); cert. denied 340 U.S. 816, 71 S.Ct. 45. In accord Fujino v. Clark, 71 F.Supp. 1 (D.Ha., 1947) aff'd 172 F.2d 384 (9th Cir., 1949), Okihara v. Clark, 71 F. Supp. 319 (D.Ha., 1947), and Baldwin v. Loesel, 3 A.2d 389 (Sup. Ct., Pa. 1939).

██ From the foregoing, it is clear that plaintiff is entitled to the relief sought and that treating the motion as conceded is an appropriate exercise of this court's discretion.

Plaintiffs' motion for Summary Judgment will be granted. The court will retain jurisdiction of defendant Sealey's counterclaim and the third party action brought by defendant-third party plaintiff Francis against third party defendants Boynes and Smalls.

## ORDER

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED that plaintiffs' Motion for Summary Judgment be and the same hereby is Granted; and it is further

ORDERED that plaintiffs have judgment against the defendants Leonile A. Sealey and Veronica Francis declaring those certain Deeds of Gift from William E. Martin (by Leonile A. Sealey as per power of attorney dated September 27, 1979) as grantor to Leonile A. Sealey, as grantee, dated July 23, 1981 and recorded in the Office of the Recorder of Deeds, Christiansted, St. Croix on July 28, 1981 at photocopy 173 page 426 and William E. Martin (by Leonile A. Sealey as per power of attorney dated September 27, 1979) as grantor to Leonile A. Sealey, as grantee, dated September 2, 1981 and recorded in the Office of the Recorder of Deeds, Christiansted, St. Croix, on September 4, 1981 at photocopy 173 page 101, to be null, void and for nothing holden; and it is further

ORDERED, that this court shall retain jurisdiction of the counterclaim and third party claim of the defendant Veronica Francis and third party defendants Benjamin Boynes and Amanda Smalls, respectively, for disposition after trial on a date to be fixed; and it is further

ORDERED, that plaintiffs be awarded the costs of this action including reasonable attorney fees, against defendants Leonile A. Sealey upon submission of an affidavit in accordance with the standards set forth in Estien v. Christian.