**LADY GOODALL, Plaintiff**

v.

**VIRGIN ISLANDS DEVELOPMENT CORPORATION,**
**Defendant**

Civil No. 1029/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 29, 1991

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for plaintiff*

IVAN A. GUZMAN, ESQ. (LAW OFFICE OF R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendant*

SMOCK, *Judge*

## MEMORANDUM OPINION AND ORDER

The defendant, Virgin Islands Development Corporation (hereinafter "Virgin Islands Development"), has filed a motion for summary judgment against the plaintiff, Lady Goodall, arguing that she assumed the risk of any injuries she may have sustained as a result of a fall on its property. For the reasons set forth below, the motion will be denied.

I

At the time of the incident in question, Lady Goodall was the President and sole shareholder of Magco, Inc. This corporation engaged in trucking, transportation and brokerage services. Magco, Inc. had a lease agreement with Virgin Islands Development concerning some 750 square feet of commercial property at Parcel No. 9a Estate Contant, St. Thomas, Virgin Islands.[1] As part of the agreement, Magco, Inc. was given access to a restroom on another portion of Virgin Islands Development's commercial property, which restroom was to be used by all the tenants of its property.

Lady Goodall alleges that, shortly after the lease agreement commenced in September of 1987, she notified agents of Virgin Islands Development of a potentially dangerous condition of the access area to the restroom. Specifically, she complained that the access area, in addition to being dark and unlighted, contained pieces of rotten wood supported by cement blocks in a long narrow alley leading to the restroom. Those blocks and wood planks, she said, were placed over water that had accumulated and settled in the area. Lady Goodall goes on to assert that, notwithstanding her complaints, agents of Virgin Islands Development refused to correct any of the deficien-

---

[1] There is some question as to whether a valid written lease agreement or an oral lease agreement governed the relationship between the parties, but both parties agree that a landlord/tenant relationship existed at the time of Lady Goodall's fall.

179

cies of which she complained.[2] Thereafter, on or about December 5, 1988, while she was walking to the restroom, Lady Goodall says that she slipped and fell through the rotten wood placed on top of the cement blocks, thereby causing injuries for which she has brought this action.

## II

Virgin Islands Development claims that Lady Goodall assumed the risk of any injuries as a result of her traversing the alley in question. Specifically, it alleges that Lady Goodall knew of the risks involved, appreciated their character, voluntarily chose to confront those risks, and that such a choice on the part of Lady Goodall was reasonable. Petitte v. Bodkin Development Corp., 21 V.I. 254 (D.V.I. 1987), Smollett v. Skayting Development Corp., 793 F.2d 547 (3d Cir. 1986). As has been discussed extensively elsewhere, the assumption of risk doctrine remains viable in the Virgin Islands only in a limited or "primary" sense:

> Under the common law, contributory negligence, however slight, was a complete bar to recovery because the plaintiff's departure from the normal standard of conduct (i.e. his "fault") deprived him of the right to assert that another was also at fault. Assumption of risk as a bar to recovery stands on a different footing. The plaintiff is not barred from recovering damages because of his 'fault.' Rather, because he elected to proceed in the face of known danger, the plaintiff is regarded as having consciously relieved the defendant of any duty which otherwise might have been owed the plaintiff. Being under no duty, the defendant may not be charged with negligence. Thus, assumption of risk, while frequently applied in cases where the plaintiff's conduct might also be characterized as negligent, is properly limited to cases of 'waiver' or 'consent' rather than 'fault.'

Keegan v. Anchor Inns, Inc., 606 F.2d 35, 39 (3d Cir. 1979). The "fault" portion of the doctrine of assumption of risk has been abrogated by adoption in the Virgin Islands of the comparative negligence doctrine as embodied in 5 V.I.C. 1451.

---

[2] Lady Goodall had apparently passed through this area on virtually a daily basis prior to the date in question.

■ Lady Goodall first argues that the assumption of risk doctrine is not applicable because, in applying the doctrine of "primary" assumption of risk, that doctrine, ". . . does not apply in any situation in which an express agreement to accept the risk would be invalid as contrary to public policy." Restatement, Second, Torts Sec. 496C(2). In this case, of course, there was no such "express agreement, but the Restatement goes on to provide that,

> [t]he plaintiff's assumption of risk bars his recovery for the defendant's violation of a statute, unless such a result would defeat a policy of the statute to place the entire responsibility for such harm as has occurred upon the defendant.

Restatement, Second, Torts Sec. 496F. Lady Goodall points to the Virgin Islands Occupational Safety and Health Chapter, 24 V.I.C. 31 et seq., as just such a statute. Her reliance on this statute, however, is misplaced. While the evidence may very well show at a later date that Virgin Islands Development has violated the provisions of that chapter, Lady Goodall does not stand in an employer-employee relationship with Virgin Islands Development. It is true that the term "owner" is defined in 24 V.I.C. 32(11) to include ". . . any lessor, agent or manager . . ." However, Sec. 35(c) states that,

> Each owner, lessor, agent or manager of any premises used in whole or in part as a place of employment shall comply with the Safety and Health Standards, and all rules, regulations and orders issued pursuant to this chapter. Failure to so comply shall make a [sic] owner subject to the penalties and enforcement procedures of this chapter, but shall not relieve any employer from providing his employee with the protections required by this chapter.

Application of the assumption of risk doctrine would not affect any penalties that may be imposed upon Virgin Islands Development as lessor of premises for any occupational safety and health violations that may later be assessed against it. Thus, Section 496F of the Restatement does not bar application of the assumption of risk doctrine.

### III

■ Lady Goodall's second argument is that the doctrine of assumption of risk is not applicable in this case, since it involves the duty of a lessor to properly maintain its premises. The court agrees.

> A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

Restatement, Second, Torts Sec. 360. Lady Goodall in her complaint asserts damages for an injury which resulted from her use of an area which was "appurtenant" to Magco, Inc.'s leased premises. To apply the assumption of risk doctrine in this case would be to emasculate completely any duty of the lessor to properly maintain its leased premises. The court therefore concludes that the doctrine of assumption of risk is inapplicable to the specific fact pattern of this case.

■ This ruling does not mean that Virgin Islands Development may not now assert that the negligence (if any) of Lady Goodall should be a partial or total bar to recovery. Comment b to Section 360 of Restatement, Second, Torts, teaches us that

> [t]he rule stated in this Section may also apply even though the person injured . . . has knowledge of the existence of the dangerous condition. His knowledge may put him in contributory fault . . . and in that event he will be disabled from maintaining an action for any harm suffered while using the dangerous premises. But unless the danger is so apparent and so great that it is unreasonable for him to encounter it in view of the purpose of his use, or unless knowing the danger he fails to exercise that caution which a reasonable man would exercise under the same circumstances, the lessor remains liable to him notwithstanding his knowledge of the existence of the condition.

■ The standards set forth in this Comment are questions of fact for a jury to determine, and summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, is inappropriate.

We have thus come full circle to the extent that the doctrine of "primary" assumption of risk plays no role in this case, and any allegations concerning the knowledge and actions of Lady Goodall will be considered only within the context of comparative negligence, 5 V.I.C. 1451. Accordingly, it is

ORDERED that the motion of the defendant, Virgin Islands Development Corp., for summary judgment is hereby DENIED; and it is further

ORDERED that the parties shall submit to the court all proposed jury instruments, exhibits for marking and updated witness lists no later than September 27, 1991.[3]

---

[3] Jury selection has been previously scheduled for October 7, 1991.