**VERONICA JEFFREY, Plaintiff**

**v.**

**LESLIE CAESAR and STAFFORD LONDON, Defendants**

Civ. No. 845/1995

Territorial Court of the Virgin Islands

Div. of Saint Croix at Kingshill

January 14, 1998

Albert J. Meade, Esq. Fredericksted, St. Croix, U.S.V.I., *for Plaintiff*

Martial A. Webster, Esq. Kingshill, U.S.V.I., *for Defendant London*

CABRET, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on defendant Stafford London's motion for summary judgment. Plaintiff has failed to oppose the motion within the applicable time period. For the following reasons, the Court will deny London's motion for summary judgment.

## STATEMENT OF FACTS

On September 27, 1995, Veronica Jeffrey ("plaintiff") went to Plot No. 110 Estate Peter's Rest at the invitation of her cousin Clarence Andrew, who is a leasehold owner of an apartment at said

premises. While plaintiff was leaving her cousin's apartment, she was attacked and bitten several times on her left foot by a dog owned by defendant Leslie Caesar ("Caesar"). Like Clarence Andrew, Caesar leases an apartment at Plot No. 110 from defendant Stafford London ("London"), the legal owner of Plot No. 110. The plaintiff alleges that both Caesar and London were negligent in that both defendants knew or should have known of the dog's dangerous and aggressive propensities and that defendants' knowledge required them to exercise diligence or due care with respect to the dog in light of the fact that other tenants and their guests regularly frequented the premises. London, in his motion for summary judgment, argues that he cannot be held liable to the plaintiff since he had no opportunity to control the dog's attack and was unaware of the vicious propensity of the dog. He additionally argues that plaintiff was contributorily negligent or assumed the risk of her injury.

## SUMMARY JUDGMENT STANDARD

■ Pursuant to RULE 56 of the FEDERAL RULES OF CIVIL PROCEDURE, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 477 U.S. 317 (1986). Therefore, the threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511, 477 U.S. 242, 250 (1986). It must be noted, however, that summary judgment is usually not appropriate in negligence cases because the application of the reasonable person standard normally requires a full exposition of all the underlying facts and circumstances. *Barron v. Honeywell, Inc., Micro Switch Div.*, 69 F.R.D. 390, 392 (D.C.Pa. 1975); *See also TSC Industries, Inc. v. Northway, Inc.*, 96 S.Ct.2126, 426 U.S. 406 (1976).

■ Where the adverse party fails to oppose a motion for summary judgment, the court may still enter judgment, if appro-

86

priate, in favor of the moving party. See Fᴇᴅ.R.Cɪᴠ.P. 56(e)(1997). If the moving party has the burden of proof on the relevant issues and the non-moving party fails to oppose the summary judgment motion, the court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law. *Anchorage Associates v. V.I. Board of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990). However, where the moving party does not have the burden of proof on the relevant issues, this means that the court must determine whether the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law. *Id.*

## LANDLORD LIABILITY

■ Courts of the Virgin Islands look to the Restatements of Law issued by the American Law Institute, in the absence of statutes or local law to the contrary. Title 1 V.I.C. § 4 (1995); *See also Ducrot v. Marshall & Sterling, Inc.,* 30 V.I. 332 (D.C.V.I. 1994). The Rᴇsᴛᴀᴛᴇᴍᴇɴᴛ (Sᴇᴄᴏɴᴅ) ᴏғ Tᴏʀᴛs §§ 355[1] and 356[2] govern the instances where a landlord will not be held liable for physical harm to his or her lessees or others upon the land. However, it has been recognized that recent developments in the law of landlord and tenant, as well as tort law, have produced a growing number of exceptions to these two rules.[3] The exceptions to sections 355 and 356 are detailed in sections 357-362 of the Rᴇsᴛᴀᴛᴇᴍᴇɴᴛ (Sᴇᴄᴏɴᴅ) ᴏғ Tᴏʀᴛs. Thus, a landlord may be held liable to a lessee or others for a physical harm caused by a dangerous condition where the lessor

(1) contracts to keep land in repair (§ 357),

---

[1] Rᴇsᴛᴀᴛᴇᴍᴇɴᴛ (Sᴇᴄᴏɴᴅ ᴏғ Tᴏʀᴛs § 355 (1965) states

Except as stated in §§ 357 and 360-362, a lessor of land is not subject to liability to his lessee or others upon the land with the consent of the lessee or sublessee for physical harm caused by any dangerous condition which comes into existence after the lessee has taken possession.

[2] Rᴇsᴛᴀᴛᴇᴍᴇɴᴛ (Sᴇᴄᴏɴᴅ) ᴏғ Tᴏʀᴛs § 356 sᴛᴀᴛᴇs

Except as stated in §§ 357-362, a lessor of land is not liable to his lessee or to others on the land for physical harm caused by any dangerous condition, whether natural or artificial, which existed when the lessee took possession.

[3] Rᴇsᴛᴀᴛᴇᴍᴇɴᴛ (Sᴇᴄᴏɴᴅ) ᴏғ Pʀᴏᴘᴇʀᴛʏ, Landlord & Tenant § 17.1, Introductory Note (1977).

(2) knowingly conceals or fails to disclose dangerous conditions unknown to the lessee and others (§ 358),

(3) leases the land for purpose involving admission of public (§ 359),

(4) retains control of parts of land which lessee is entitled to use (§ 360),

(5) retains control of parts of land which is necessary to the safe use of the leased part (§ 361), and

(6) makes negligent repairs on the land while the lessee is in possession of the land (§ 362).

Generally, a landlord who merely leases property to the owner of a dog ordinarily is not liable for injuries caused by the dog. 3A C.J.S. *Animals* § 204 (1973); *See Shafer v. Beyers*, 613 P.2d 554, 556 (Wash.Ct.App. 1980). However, several courts have held that the presence of a tenant's vicious dog in areas shared by other apartment tenants constitutes a "dangerous condition" for which a landlord may incur [common law] liability.[4] *Gentle v. Pine Valley Apartments*, 631 So.2d 928 (Ala. 1994). In *Siegel v. 1536-46 St. John's Place Corporation*, 57 N.Y.S.2d 473 (N.Y. City Court 1945), the plaintiff tenant was bitten by an alleged vicious dog owned by an employee of the landlord defendant. The Court held that

> Inasmuch as this was a fifty-two family multiple dwelling, the public halls and stairs of which were open and frequented by tenants and their family members as well as others having business and social relations therewith, *it became a continuing duty upon the owner of this building to keep such common ways in a reasonably safe condition resultant upon such known general usage and to exercise such care in the premises as a reasonably prudent person might under the same circumstances. Such duty extended to the exclusion of*

---

[4] RESTATEMENT (SECOND) OF TORTS § 360 (1965) STATES

A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

*known vicious animals from frequenting thereabout. An action based on same is grounded on negligence, . . . regardless of the fact that the corporate defendant was neither an owner or harborer of said dog* (emphasis added). The evidence indicates prior notice to defendant's officer of the dog's presence in and about the public halls and its trend toward viciousness. Such owners had control of the premises with power to expel the dog and its owner as well. It follows that liability ensued.

*Id.* at 474. Additionally, in the case of *Linebaugh v. Hyndman*, 516 A.2d 638 (N.J. Super. 1986), a child was bitten by a dog while in the care of her babysitter—a tenant in a two-unit apartment building—in the common backyard area of the building. The dog was owned by a tenant renting the other unit. The Appellate Division, in reversing the trial court' s granting of summary judgment in favor of the landlord, specifically held

Where a dwelling contains two or more apartments which are rented to separate tenants and the landlord provides certain facilities for their common use or benefit, possession and control of such portions are deemed to be retained by him (citations omitted). In such situations, "the law imposes upon the landlord the duty of maintaining [such common facilities] in a reasonably safe condition for the use and enjoyment of the tenants. Where he fails to satisfy that obligation and such failure results in harm to the tenants or other persons lawfully on the premises, "ordinarily the landlord is liable for the [resulting] injury. *Consistent with the landlord's obligation to maintain the premises in a reasonably safe condition, a landlord is obliged to take reasonable measures to protect other tenants and their invitees from harm which a vicious dog is capable of inflicting (citations omitted). To permit a landlord in such a situation to sit idly by in the face of the known danger to others would be socially and legally unacceptable.* (emphasis added).

*Id.* at 640. Finally, the Florida Supreme Court has held that a dog-bite victim could sue the nonowner (landlord) of a dog upon theory of common law liability, notwithstanding a dog bite statute

making the dog owner strictly liable. *Noble v. Rourke*, 490 So.2d 29, 31-32 (Fla. 1986).

London has cited the sole case of *Park v. Hoffard*, 847 P.2d 852 (Ore. 1993) in support of his argument that he is not liable to the plaintiff for her injuries sustained by a dog owned by one of London's tenants. In the *Park* case, the Court held that a landlord may be found liable for injuries to a third party for an attack by a tenant's dog *away from the leased premises* only if the landlord at time of entering, renewing, or during the lease knew of the tenant's dangerous activity and knew or had reason to know that the activity would unavoidably involve an unreasonable risk of harm to persons off the rental property. *Id.* at 856. However, the *Park* case and its cited authority is not applicable to the instant matter since the attack in the instant matter allegedly occurred on the landowner's premises.

In the case *sub judice*, plaintiff has the burden of proof with respect to all of the following issues:

(1) that the attack occurred in an area controlled by London or commonly shared or frequented by other tenants and their invitees,

(2) that London knew of the dog's vicious propensity prior to the attack,

(3) that London failed to take reasonable measures to protect other tenants and their invitees, and

(4) that the plaintiff was not contributorily negligent or did not assume the risk of her injury.

██ With regards to the first element, plaintiff, in her responses to London's interrogatories,[5] has alleged facts that could lead a

---

[5] Although plaintiff has failed to oppose the motion for summary judgment, "the Court is obliged to take account of the entire setting of the case on a Rule 56 motion." WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2721 (1983). In addition to the pleadings, it will consider all papers of record, as well as any material prepared for the motion that meets the standard prescribed in RULE 56(e). *Id.* Thus, the use of answers to interrogatories on a summary judgment motion is proper so long as the answers

(1) are made on personal knowledge,

(2) set forth such facts as would be admissible in evidence, and

(3) show affirmatively that the affiant is competent to testify to the matters stated therein.

trier of fact to conclude that the attack occurred in a common area that was frequently used by other tenants and their invitees. Specifically, plaintiff states that when one enters the Northern Gate[6] of [London]'s premises, one has to pass defendant Caesar's apartment in order to reach her cousin's apartment.[7] She also states that she always travels the same path to get to her cousin's apartment.[8] Finally, plaintiff states that while she was leaving her cousin's apartment to return to her vehicle, she was bitten by Caesar's dog, who at the time was restrained by what plaintiff describes as a "long, long leash."[9] Despite plaintiff's responses, London has failed to present any contrary facts showing that the attack occurred in an area controlled solely by Caesar or in an area not commonly shared by other tenants and their invitees. The existence of a material issue of fact is therefore evident.

██ The Court also finds that a material factual issue exists regarding London's prior knowledge of the dog's vicious propensity. Despite his claim that he had no prior knowledge of the dog's vicious propensity,[10] plaintiff states in her response to Interrogatory No. 19 that "in conversations she had with Mr. London, Mr. London told her that tenants reported to him the dog's dangerous propensities." Thus, London's prior knowledge of the dog's vicious propensity and whether he had a duty to take reasonable protective measures are clearly genuine and material factual issues that must be resolved by way of trial.

██ Finally, with regards to London's claim that the plaintiff was contributorily negligent or assumed her risk of injury, London merely recites law with no accompanying facts which would enable the court to determine if the plaintiff was responsible for her attack. Additionally, it is well established that the determination of whether the defenses of "contributory negligence" and "assump-

---

See WRIGHT, at § 2722; FED.R.CIV.P. 56(e) (1996).

[6] Plaintiff states in her response to Interrogatory No. 20 that the Northern Gate is the only known entry and exit onto Plot No. 110 Estate Peter's Rest.

[7] See plaintiff's response to London's Interrogatory No. 6.

[8] See plaintiff's response to London's Interrogatory No. 4.

[9] See plaintiff's responses to London's Interrogatory Nos. 14 and 16.

[10] See London's Motion for Summary Judgment, Affidavit of Stafford London.

tion of risk" exist is ordinarily for the jury. *See* RESTATEMENT (SECOND) OF TORTS § 328C (1965); *Goodall v. V.I. Development Corp.*, 26 V.I. 178 (Terr.Ct. 1991); and *Petite v. Bodkin Development Corp.*, 23 V.I. 254 (D.C.V.I. 1987). Thus, the Court once again finds that a material factual issue still remains as to whether the plaintiff was contributorily negligent or assumed the risk of her injury.

## CONCLUSION

Defendant London has failed to show the absence of any genuine issues of material fact in the instant matter. Specifically, the Court finds that genuine and material issues of fact remain as to whether (1) the attack occurred in an area controlled by London or commonly shared or frequented by London's tenants and its invitees, (2) London had prior knowledge of the vicious propensity of the dog, and (3) the plaintiff was contributorily negligent or assumed the risk of her injury. Accordingly, the Court will deny London's motion for summary judgment.