**PAULA SHOY, Plaintiff**
**v.**
**VENATOR GROUP SPECIALTY, INC., d/b/a/ CARIMAR and**
**CLAIRE'S STORE'S, INC., Defendants**

Civil No. 458/2000

Territorial Court for the Virgin Islands

Division of St. Croix

March 26, 2002

 

LEE J. ROHN, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

BRYANT, BARNES & MOSS, LLP., Christiansted, St. Croix, U.S. Virgin Islands, *Counsel for Defendants*

ROSS, *Judge*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Venator Group Specialty, Inc.'s ("Venator") motion for summary judgment, pursuant to FED. R. CIV. P. 56(b). Plaintiff contends that there exist genuine issues of material fast because Defendant Venator may be liable for her injuries under the public use doctrine. Defendant Venator asserts that it had no ownership interest in the chair or the premises at the time of Plaintiff's injury, and, as a result, had no duty of any kind to Plaintiff. The Court has duly considered the contentions of the parties and will grant Defendant Venator's motion.

The Court may grant a motion for summary judgment only when the materials of record show that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *See also Porter v. Samuel*, 889 F. Supp. 213 (D.V.I. 1995). A material fact is one that will affect the outcome of the suit under applicable law, and a dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson* at 247-48. In deciding whether there is a disputed issue of material fact, the Court must resolve all doubts in favor of the non-moving party. *See Desvi, Inc. v. Continental Ins. Co.*, 968 F.2d 307 (3d Cir. 1992).

Based thereon, the issue to be decided is whether Defendant Venator was a lessor of Defendant Claire's and thereby liable for damages after the transfer of possession under the public use doctrine. A review of the record indicates that the transfer of possession of the premises between Defendant Venator and Claire's was an assignment, not a sublease, and

as such, Defendant Venator did not retain any rights, obligations, or liability for damages on the premises after the assignment.

The undisputed facts are as follows:

(1) Defendants Venator and Claire's entered into an asset purchase agreement on November 1, 1999;

(2) Defendants Venator and Claire's completed the sale of the assets on November 15, 1999;

(3) Defendant Venator executed a valid assignment of its rights and obligations on December 1, 1999;

(4) Defendant Claire's took possession of the premises on December 1, 1999; and

(5) Plaintiff entered Defendant Claire's store and fell, injuring herself, on May 12, 2000.

■ ■ Under the common law rule of *Caveat Emptor*, a landlord is under no duty to fix or repair the premises and is therefore not subject to liability for physical harm caused by a dangerous condition on the premises. *See* RESTATEMENT (SECOND) OF TORTS § 352, applicable by virtue of 1 V.I.C. § 4. The court has held that except as stated in § 353 and 357-362, a lessor of land is not subject to liability to his or her lessee or others upon the land with the consent of the lessee or sublessee for physical harm caused by any dangerous condition which comes into existence after the lessee has taken possession. *See Jeffrey v. Caesar*, 1998 WL 106240 (Terr. Ct. 1998). However, case law has recognized various exceptions to the general rule. One of these exceptions being the Public Use Doctrine, *i.e.,* a Landlord has a duty to fix a dangerous condition on the premises if he or she knows that the premises will be for public use. *See* RESTATEMENT (SECOND) OF TORTS § 359. If he or she fails to repair the dangerous condition, he or she will be liable for any damages. Moreover, the general rule, and any of the exceptions to it, applies to landlords who lease or sell their property. As such, for the public use doctrine to apply, there must be a landlord-tenant relationship.

■ It is elementary law that an assignment does not create a secondary landlord tenant relationship. In an assignment of rights and obligations, the assignor only remains secondarily liable to the Landlord

for payment of rents that the assignee fails to pay. *See Viera v. Soto*, 240 F. Supp. 541 (D.C.V.I. 1965). The assignor does not retain liability for injuries on the premises because there has been a relinquishment of rights and obligations. This is so because "an assignment deprives the assignor of its privity of estate, thereby releasing it from liability for conduct attributable to the assignee." *Hadley v. Gerrie*, 124 B.R. 679 (D.V.I. 1991) (*citing* RESTATEMENT (SECOND) OF PROPERTY, § 16.3, *Comment a*; *Versatile Metals, Inc. v. Union Corp.*, 693 F. Supp. 1563, 1569 (E.D. Pa. 1988); *Casperson v. Meech*, 583 P.2d 218 (S. Ct. Alaska 1978)).

In the present case, Defendant Venator validly assigned its rights and obligations to Defendant Claire's, and whether the assignor knew or should have known of a defect in the premises assigned to a third party will not affect the outcome of the suit for personal injury caused on the premises previously assigned because there is no privity of estate between Defendants Venator and Claire's. Herein, Plaintiff's injury occurred after Defendant Venator had executed a valid assignment, and thereby relieved itself of any duty to the public from personal injury. Thus, there was no landlord: tenant relationship, and Defendant Venator would have had no duty to Plaintiff. Accordingly, Defendant Venator's motion for summary judgment must be granted.